IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONYA Y. COVEY,

        Plaintiff,                    No. 2:13-cv-00897 JAM KJN PS

      v.

U.S. MAGISTRATE JUDGE HARRIS, et al.,

        Defendants.           ORDER

        Plaintiff, who is proceeding without counsel, filed her complaint and an application to proceed in forma pauperis on May 7, 2013.[1]  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses her complaint without prejudice.  Plaintiff shall have leave to file an amended complaint.

I.    <u>Plaintiff's Application To Proceed In Forma Pauperis</u>

        Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's application and declaration (ECF No. 2) make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

II.   Screening Plaintiff's Complaint

    A.   General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>   **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>   **(3)** a demand for the relief sought, which may include relief in the

alternative or different types of relief.

Additionally, a complaint should be dismissed for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, must tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure those deficiencies if it appears at all possible that the plaintiff can do so. See, e.g., Lopez, 203 F.3d at 1130-31; see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

Federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under

3

1  an independent obligation to examine their own jurisdiction") (citation omitted).  Federal district
2  courts "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and
3  "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary
4  affirmatively appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and
5  quotation marks omitted).  The court must *sua sponte* dismiss a case for lack of subject matter
6  jurisdiction.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks
7  subject matter jurisdiction, the court must dismiss the action."); see also Scholastic Entmt., Inc.
8  v. Fox Entmt. Group, Inc., 336 F.3d 982, 989 (9th Cir. 2003).

     B.  Allegations In Plaintiff's Complaint

    In her complaint, plaintiff alleges that defendant "Judge Harris" and "family member Taniesha Turner Harris" (collectively, "defendants") have "used electronic programs from Government Computers w[ith] security access to tamper with funds, mail, medical insurance forms of my children, and myself."  (Compl., ECF No. 1 at 1-2.)

    Plaintiff alleges that "accountant Taniesha Harris has used clearance to hold others in jail facilities, violating [their] constitution[al] [and] civil rights, causing near death [and] illness to Anthony Elworth Walker [b]y not allowing him to receive adament [sic] health care for cancer, that nearly killed him."  (Id.)  Plaintiff also alleges that Anthony Elworth Walker "is now being held on a hold passed down by [Judge Harris] for a phone recording of a [h]omicide that had nothing to do with him, after his phone ([N]extel) was switched by Judge Harris' family member Taniesha Harris, Mr. Walker's then wife."  (Id. at 2.)  Plaintiff concludes, "[m]y complaint is that Judge Harris along with Taniesha Turner has [sic] violated my civil and constitutional [r]ights as a U.S. Citizen[,] [o]ver and over, for over sixteen years, and I have complained to the necessary [e]ntities and no one has done anything to [r]esolve these issues, and life altering problems [b]rought on by these two U.S. [e]mployees."  (Id.)

////

////

C.     Plaintiff's Pleading Fails To Comply With Federal Rule Of Civil Procedure 8(a)

    1.     *No Short And Plain Statement Of The Claim; No Relief Requested*

Upon review of plaintiff's two-page complaint, the undersigned dismisses the complaint for failure to comply with the notice pleading standards described above, but grants plaintiff leave to file an amended complaint. The deficiencies in the complaint are fundamental and preclude the court from ordering service of the complaint.[2]

In short, plaintiff's complaint does not allege *facts* that state a claim upon which relief may be granted; indeed, the nature of plaintiff's claims is entirely unclear, and the complaint does not appear to seek any specific form of relief. Fed. R. Civ. P. 8(a)(2)-(3). While plaintiff alleges that defendants "tampered" with mail and funds, "switched" someone's phone, "used clearance to hold others in jail," and prevented someone from receiving "health care for cancer," there are simply no *factual allegations* plausibly supporting these sweeping, conclusory accusations. (Compl. at 1-2.) Plaintiff also fails to clearly allege her relationship to "Anthony Elworth Walker," although she appears to partially premise her claims upon his alleged treatment. Plaintiff also fails to allege what form of relief she requests. Fed. R. Civ. P. 8(a)(3).

Based on the foregoing, the undersigned dismisses plaintiff's complaint. However, plaintiff is granted leave to file an amended complaint that complies with Rule 8. Plaintiff shall file her amended pleading within 45 days of the date of this order. The amended pleading shall be titled "First Amended Complaint."

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended

---

[2] While the caption to plaintiff's pleading names the "United States of California Board of Education" [sic], no factual allegations appear directed at such a defendant. (Compl., ECF No. 1 at 1-2.) There is no such entity as the "United States of California Board of Education." Accordingly, in her amended pleading, plaintiff shall more precisely identify the defendant she intends to name, and shall either include additional factual allegations relating to such defendant, or, alternatively, shall drop such defendant from the case. Failure to do so will result in an order recommending that such defendant be dismissed.

complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent.").  Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Defendants not named in an amended complaint are no longer defendants.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff is also hereby informed that she is obligated to comply with court orders and the rules of litigation procedure, notwithstanding her status as a pro se litigant.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

6

may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986). Accordingly, plaintiff's failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

        2.     *No Statement Of The Grounds For This Court's Jurisdiction*

Plaintiff's pleading also fails to adequately allege any basis for this court's jurisdiction. Fed. R. Civ. P. 8(a)(1) (requiring "short and plain statement of the grounds for the court's jurisdiction").

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).[3]

---

[3] Aside from federal question jurisdiction, district courts also have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008). Here, because

7

1          Here, plaintiff does not clearly allege violations of federal statutes or the U.S.
2   Constitution.  Plaintiff did not check the box marked "Federal Question" on her Civil Cover
3   Sheet, opting instead to check the box for "U.S. Government Defendant."  (ECF No. 1-1.)  It is
4   not clear from the pleading whether or how defendant Judge Harris or defendant Taniesha Turner
5   Harris might be considered "U.S. Government Defendants;" indeed, from the allegations in the
6   pleading, both individuals appear to be employees of the State of California.  Even though
7   plaintiff refers to both defendants as "U.S. Employees," she also alleges that defendant Taniesha
8   Turner Harris is an accountant for the "State of California," and she does not allege whether
9   defendant "Judge Harris" works for the state court system or the federal court system.  (Compl. at
10  1-2.)  In her amended pleading, plaintiff must clarify whether she alleges that either or both
11  individual defendants are employed with the U.S. Government (or a federal agency) versus the
12  State of California (or a state agency).  Plaintiff must also provide "Judge Harris'" first name, if
13  she knows it.

14          While plaintiff conclusorily alleges that defendants violated her "constitutional
15  and civil rights" (Compl. at 2), plaintiff has not offered any supporting factual allegations to
16  explain *how* her rights were violated or *which* rights were allegedly violated.  Plaintiff alleges
17  that defendants "tamper[ed] with funds, mail, [and] medical insurance forms," but plaintiff does
18  not describe the alleged "tampering" or how and when it allegedly occurred.  (Compl. at 1.)
19  Similarly, while plaintiff alleges that defendants "switched" the phone of "Anthony Elworth
20  Walker," plaintiff does not allege any facts indicating her relationship to Mr. Walker, plausibly
21  explaining how the phone was "switched," explaining what she means by "switched," or
22  clarifying how *her* constitutional or civil rights were damaged by the alleged "switch."  (Compl.
23  at 2.)  Plaintiff's pleading also fails to describe *how* defendants allegedly prevented Mr. Walker

---

plaintiff and defendants all appear to be citizens of California (Compl. at 1; ECF No. 1-1), the parties are not completely diverse, and diversity jurisdiction does not exist.  See Cook, 548 F.3d at 722.  Plaintiff did not check the "Diversity" box on her Civil Cover Sheet.  (ECF No. 1-1.)

8

from "receiv[ing] adament [sic] health care for cancer, that nearly killed him." (Id.)  While plaintiff certainly does not need to present evidence or prove her case within her pleading, she must include non-conclusory, factual allegations sufficient to plausibly support her claims.  See Iqbal, 556 U.S. at 678.

The undersigned must inform plaintiff of the deficiencies in her pleading and give plaintiff a chance to correct them.  See Lopez, 203 F.3d at 1130-31.  Given the vague accusations in plaintiff's pleading, however, the court can only guess at which claims plaintiff might intend to allege.  Plaintiff does not allege facts to support a claim under 42 U.S.C. § 1983, to the extent she intends to bring such a claim.  Generally, with respect to individual defendants, "Section 1983 imposes civil liability upon an individual who under color of state law subjects or causes, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing 42 U.S.C. § 1983). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes") (citation omitted).

Plaintiff does not clearly allege that she was denied equal protection of the law, to the extent she intends to bring such a claim.  "To state a § 1983 claim for violation of the Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted); see also Enquist v. Ore. Dep't of Agric., 553 U.S. 591, 601 (2008) ("Our equal protection

1 jurisprudence has typically been concerned with governmental classifications that affect some
2 groups of citizens differently than others.") (citation and quotation marks omitted).  The first step
3 in equal protection analysis is to identify the defendants' classification of groups, and the "groups
4 must be comprised of similarly situated persons so that the factor motivating the alleged
5 discrimination can be identified."  Thornton, 425 F.3d at 1166-67.

6 Plaintiff does not clearly allege facts indicating a deprivation of due process, to
7 the extent she intends to bring such a claim.  The due process clause of the Fourteenth
8 Amendment protects individuals against governmental deprivations of "life, liberty, and
9 property" without due process of law.  U.S. Const., amend. XIV.  "[T]he touchstone of due
10 process is protection of the individual against arbitrary action of government."  Cnty. of
11 Sacramento v. Lewis, 523 U.S. 833, 845 (1998) (quoting Wolff v. McDonnell, 418 U.S. 539, 558
12 (1974)); see also Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004),
13 overruled on other grounds, Action Apt. Ass'n v. Santa Monica Rent Control Bd., 509 F.3d
14 1020, 1025 (9th Cir. 2007).  The due process clause confers both procedural and substantive
15 rights — i.e., due process violations can refer either to a denial of fundamental procedural
16 fairness (procedural due process violations) or the exercise of power without any reasonable
17 justification in the service of a legitimate governmental objective (substantive due process
18 violations).  See Lewis, 523 U.S. at 845-46.  "A procedural due process claim has two elements:
19 deprivation of a constitutionally protected liberty or property interest and denial of adequate
20 procedural protection."  Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.,
21 616 F.3d 963, 970 (9th Cir. 2010).  In regards to a substantive due process claim, the "Due
22 Process Clause of the Fourteenth Amendment protects against any government conduct that
23 'shocks the conscience.'"  Crowe v. City of San Diego, 608 F.3d 406, 431 (9th Cir. 2010)
24 (citation omitted); see also Krainski, 616 F.3d at 969 ("The guarantee of substantive due process
25 provides heightened protection against government interference with certain fundamental rights
26 and liberty interests.") (citation and quotation marks omitted); Corales v. Bennett, 567 F.3d 554,

568 (9th Cir. 2008) ("Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'") (citations and quotation marks omitted).  "To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived [him] of a constitutionally protected life, liberty or property interest." Shanks v. Dressel, 540 F.3d 1082, 1087 (9th Cir. 2008).

Accordingly, in filing an amended pleading, plaintiff shall include additional factual allegations that more clearly describe what conduct she believes gives rise to her "constitutional and civil rights" claim(s) (Compl. at 2), and shall specify which of her right(s) were allegedly violated by such alleged conduct.  Plaintiff shall also include allegations regarding the basis for this court's jurisdiction.

III.   Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend to correct the pleading deficiencies described herein.  The amended pleading shall be titled "First Amended Complaint."

3. Plaintiff is granted 45 days from the entry of this order to file an amended complaint that is complete in itself.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." ***Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.***

////

////

////

1   IT IS SO ORDERED.
2   DATED: May 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE