UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA Y. COVEY, | No. 2:13-cv-0897 JAM KJN PS |
| Plaintiff, | |
| v. | ORDER |
| U.S. MAGISTRATE JUDGE HARRIS, et al., | |
| Defendants. | |

Plaintiff, who is proceeding without counsel, filed her complaint and an application to proceed in forma pauperis on May 7, 2013.[1] On May 24, 2013, the undersigned granted plaintiff's application to proceed in forma pauperis, dismissed her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted her leave to file an amended pleading within 45 days. (ECF No. 3.)

Plaintiff failed to file an amended pleading by the 45-day deadline, and the court issued an Order to Show Cause ("OSC"). (OSC, ECF No. 4.) The OSC gave plaintiff an extended deadline of September 16, 2013, in which to file (1) an amended pleading and (2) a writing explaining why the case should not be dismissed given plaintiff's delay in meeting the court's deadline. (Id.) The OSC also informed plaintiff that plaintiff's failure to comply with court orders and timely

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

prosecute her action would lead to a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), as well as Eastern District Local Rules 110 and 183(a). (Id.)

On September 16, 2013, plaintiff filed a two-page handwritten document in apparent efforts to comply with the court's OSC. (ECF No. 5.) The two-page handwritten document did not clearly explain why plaintiff failed to meet the court's deadline and did not clearly amend plaintiff's former pleading. (Id.) Instead, the two-page writing states, in pertinent part:

> that plaintiff is "asking for the case . . . to be amended for the third time;" that plaintiff has "not been served or notified in a timely manner;" that since her filing, plaintiff and her family "have not been protected;" that plaintiff has been "attacked, and violently bitten resulting in a shoulder injury and treatment for human bites at Kaiser;" that plaintiff's life has been "put in danger once again;" that plaintiff's children's lives have been "put in danger as a result of [her] filing the claim against magistrate Harris and Taniesha Harris;" that "documents from medical clinics" have been falsified and "entered into public health and safety data base[s]" regarding plaintiff as a parent; that plaintiff has been "denied visits . . . at the Sacramento County Jail;" that plaintiff has "been continuously harassed and still [there is] no resolution;" that "bank info" is "still compromised;" and that plaintiff is "not protected at all."

(ECF No. 5 at 1-2.)

Although plaintiff's two-page filing could be generously construed as a written response to the OSC explaining plaintiff's failure to timely file her amended pleading, the two-page filing cannot itself be construed as an amended pleading. The two-page filing in no way addresses the deficiencies described in the order issued on May 24, 2013 (ECF No. 3), which the undersigned incorporates in full here. In a nutshell, plaintiff's two-page filing fails to provide a short and plain statement of plaintiff's claim(s) including supporting factual allegations, fails to request specific relief, fails to state a basis for this court's jurisdiction, and generally fails to address the other shortcomings described in the court's order of May 24, 2013. (ECF No. 3.) Further, insofar as plaintiff may have intended the two-page filing to itself amend her prior pleading, the two-page filing fails to comply with Eastern District Local Rule 220, which requires that an amended pleading be complete in itself. The filing also cannot properly be construed as a "motion to amend" her pleading, notwithstanding the entry on the court's electronic docket describing it as

such (ECF No. 5); plaintiff need not request leave to file an amended pleading because she already has such leave — indeed, she is already *required by court order* (ECF Nos. 3-4) to file an amended pleading if she wishes to continue prosecuting this case.  In sum, her two-page filing notwithstanding, plaintiff has not timely filed any amended pleading and she therefore continues to be in violation of the court's order of May 24, 2013 (ECF No. 3) and also in violation of the OSC.

In an abundance of caution given both plaintiff's pro se status and the fact that her two-page filing can generously be construed as a written response to the OSC, the OSC is partially discharged.  The court will also give plaintiff a final opportunity in which to file an amended pleading pursuant to the court's order of May 24, 2013 (ECF No. 3).

As she has now been informed several times (ECF Nos. 3-4), plaintiff is obligated to comply with the rules of litigation procedure notwithstanding her status as a pro se litigant, and her failure to do so will subject her to sanctions — including the potential dismissal of her case.  E.D. Cal. L.R. 110, 183(a).  Plaintiff's failure to timely file an amended pleading pursuant to this order and with the court's order of May 24, 2013 (ECF No. 3) will result in a recommendation that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S. 915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure to file an amended pleading by the deadline stated herein will result in a recommendation that this action be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's two-page filing cannot properly be construed as a "motion to amend" her pleading, notwithstanding the entry on the court's electronic docket describing it as such (ECF No. 5), because plaintiff need not seek leave to file an amended pleading given that she already has such leave. Indeed, she is already *required by court order* (ECF Nos. 3-4) to file an amended pleading if she wishes to continue prosecuting this case. Accordingly, to the extent plaintiff intended her two-page filing to serve as a "motion to amend" her pleading, the motion is DENIED as moot.

2. In an abundance of caution, the court construes plaintiff's two-page filing (ECF No. 5) as plaintiff's effort to provide a written response in substantial compliance with the OSC (ECF No. 4), insofar as the OSC required plaintiff to explain her failure to timely file an amended pleading (ECF No. 4 at 2). Accordingly, the portion of the Order to Show Cause requiring plaintiff to explain her delay in filing an amended pleading (ECF No. 4 at 2) is hereby discharged.

3. To date, plaintiff has not yet filed an amended pleading in compliance with the court's order of May 24, 2013 (ECF No. 3) and the OSC (ECF No. 4 at 3). However, in an abundance of caution given plaintiff's pro se status, the court will allow plaintiff a *final* opportunity to file such an amended pleading. Plaintiff's amended pleading in compliance with the court's order of May 24, 2013 (ECF N. 3) shall be filed on or before **November 18, 2013**.

4. Plaintiff's amended complaint must be complete in itself, must bear the docket number assigned to this case, and must be labeled "First Amended Complaint." *Plaintiff's failure to timely file an amended pleading that complies with the court's order (ECF No. 3) will result in a recommendation that the case be dismissed.*

IT IS SO ORDERED.

Dated: October 9, 2013

_KENDALL J. NEWMAN_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE